IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROBERT CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:12-CV-04182-NKL |
| v. ) | |
| ) | |
| FRESH IDEAS MANAGEMENT, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant Fresh Ideas Management, LLC ("Fresh Ideas")'s motion to dismiss or, in the alternative, stay proceedings and compel arbitration [Doc. # 6]. For the reasons set forth below, Fresh Ideas' motion is GRANTED.

**I.      Background**

The present dispute concerns Plaintiff Robert Carter's former employment with Fresh Ideas. When Fresh Ideas hired Carter in August 2011, Carter signed an Employee Acknowledgment. This agreement included a mandatory arbitration provision, which provided, in relevant part:

> I [Carter] and SOI[1] mutually agree that any legal dispute involving SOI, [or] Company [Fresh Ideas] . . . arising from or relating to my employment, . . . or termination from employment will be resolved exclusively through binding arbitration . . . .  I [Carter] and SOI mutually waive any right to a jury trial. . . . This agreement to arbitrate Is enforceable as a contract under the Federal Arbitration Act and any other laws validating arbitration agreements.

---

[1] Fresh Ideas uses Strategic Outsourcing, Inc. ("SOI") to outsource various employee management tasks.

1

After Fresh Ideas terminated Carter's employment, Carter filed this suit, claiming employment discrimination based on his race. Carter seeks recovery for violations of the Missouri Human Rights Act, wrongful termination, and a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

## II. Discussion

Fresh Ideas contends that the arbitration provision in Carter's Employee Acknowledgment is enforceable under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and requires dismissal or an order compelling arbitration. "A dispute must be submitted to arbitration if there is a valid agreement to arbitrate and the dispute falls within the scope of that agreement." *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001); *see also Houlihan v. Offerman & Co., Inc.*, 31 F.3d 692, 695 (8th Cir. 1994) ("A federal court must stay court proceedings and compel arbitration once it determines that the dispute falls within the scope of a valid arbitration agreement."). An arbitration agreement "is valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Houlihan*, 31 F.3d at 695 (quoting 9 U.S.C. § 2). In addition, because the FAA declares "a liberal federal policy favoring arbitration agreements, . . . as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also Lyster*, 239 F.3d at 945.

Carter does not challenge the validity or scope of the agreement to arbitrate. Absent any allegations by Carter to the contrary, there is no reason to think that the

2

Case 2:12-cv-04182-NKL   Document 15   Filed 11/02/12   Page 2 of 5

Employee Acknowledgment, signed by Carter, is anything other than a valid employment contract. Furthermore, under the plain language of that agreement, the present litigation falls within the stated scope of the arbitration agreement. *See* Doc. # 7-1 at 1. Consequently, it appears that this dispute is within the scope of a valid arbitration agreement and thus the arbitration clause should be enforced. Carter's sole argument to the contrary is that an employment arbitration agreement is not enforceable when an employee brings a claim under Title VII.

But Carter relies on two inapposite cases to support this proposition. First, Carter argues that the Supreme Court's decision in *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974), precludes arbitration of employment discrimination claims. But the Court's later decision in *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991), which upheld the enforcement of an arbitration agreement with respect to an employee's claim under the Age Discrimination in Employment Act of 1967 ("ADEA"), directly rejected this contention. *Id.* at 26, 34 (finding that "[i]t is by now clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA" and rejecting the claim that *Alexander* and its progeny "preclude arbitration of employment discrimination claims."). In fact, the *Gilmer* Court addressed and rejected arguments analogous to those made by Carter, such as Carter's claim that arbitration is a poor forum for resolving Title VII claims. *See id.* at 30-32 (noting that the plaintiff raised "a host of challenges to the adequacy of arbitration procedures" and rejecting each in turn). Moreover, although *Gilmer* concerned a claim brought under the ADEA, the Eighth Circuit in *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832 (8th Cir. 1997), held that,

3

under *Gilmer*, "Title VII claims, like ADEA claims, are subject to individual consensual agreements to arbitrate." *Patterson*, 113 F.3d at 837. The second case Carter relies upon, *Swenson v. Mgmt. Recruiters Int'l, Inc.*, 858 F.2d 1304 (8th Cir. 1988), was overruled by *Patterson*. *Id.* at 837-38.

Consequently, Carter's claim that the arbitration provision should not be given effect because Carter's lawsuit includes a Title VII claim is squarely contradicted by controlling precedent. Furthermore, in light of the facts provided by Fresh Ideas, which Carter accepts as true for the purposes of this motion, Carter's claims fall within the scope of a valid arbitration agreement.

### III. Conclusion

For the foregoing reasons, Defendant Fresh Ideas' motion to dismiss or, in the alternative, stay proceedings and compel arbitration [Doc. # 6] is GRANTED. The Court will therefore close this case pending resolution of the arbitration, subject to being reopened if either party files a motion to seek judicial review pursuant to 9 U.S.C. § 3.

Accordingly, it is hereby

ORDERED that this case be statistically closed, subject to being reopened by the parties for judicial review following resolution of the pending arbitration.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 2, 2012
Jefferson City, Missouri